UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| REBECCA LEVY MOSKOVITZ, on behalf of herself and all other similarly situated consumers, <br><br> Plaintiff, <br><br> vs. <br><br> MIDLAND CREDIT MANAGEMENT INC., <br><br> Defendant. | Case No.: <br><br><br> CLASS ACTION COMPLAINT |

Plaintiff, Rebecca Levy Moskovitz (hereinafter "Plaintiff"), on behalf of herself and all other similarly situated consumers, by and through undersigned counsel, hereby alleges against Midland Credit Management, Inc. (hereinafter "Defendant"), as follows:

## PRELIMINARY STATEMENT

1. This is an action for damages arising from Defendant's violations of the Fair Debt Collections Practices Act, 15 U.S.C. §1692 *et seq.* (hereinafter "FDCPA").

## JURSIDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and 13 U.S.C. §1367.

3. Venue is proper in this district under 28 U.S.C §1391(b)

## PARTIES

4. Plaintiff is a natural person, who at all relevant times has resided in Brooklyn, New York and is a "consumer" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA.

5.     Defendant is a corporation doing business in the State of California, with its corporate address as 2365 Northside Drive, Suite 300, San Diego, California 92108 and is "debt collector" as the phrase is defined and applied under 15 U.S.C. §1692(a) of the FDCPA in that they regularly attempt to collect on debts primarily incurred for personal, family or household purposes.

## FACTUAL STATEMENT

6.     On or about August 5, 2016, Defendant sent Plaintiff the letter attached as Exhibit A, presenting the "current balance" as $1,352.33, for a personal credit card bill from Barclays Bank Delaware.

7.     Said personal bill was a debt incurred for personal, family or household purposes and not for business purposes.

8.     Exhibit A is false, deceptive, and misleading for a number of reasons.

9.     First, along the bottom the letter states "if you pay your full balance, we will report your account as Paid in Full. If you pay less than your full balance, we will report your account as Paid in Full for less than the full balance."

10.    Under the FDCPA, collection letters are to be judged from the standard of the least sophisticated consumer.

11.    If a letter has multiple interpretations, more than one of which are reasonable, the collection letter is confusing and is a violation of the FDCPA.

12.    The above language provided by Defendant has many different material interpretations—the consumer is left unsure what amount will result in the new reporting offered by Defendant.

13.    Will Defendant report "Paid in Full for Less than the full balance" if the consumer pays $10, $20, or $150? In other words, the consumer views the letter and interprets it to say that no matter the amount he or she pays Defendant will report it as Paid in Full for less than full the

2

balance—because that is the exact wording of the letter. Yet in fact, this is false and misleading because Defendant will not mark the debt as Paid in Full for less than the full balance if the consumer only pays $10. Defendant does not provide for any other clarification for this reporting statement throughout its uniform letter, and does not make clear that only a certain amount paid, will entitle the consumer to receive a credit reporting of Paid in Full for less than the full balance.

14. Upon information and belief, Defendant is intentionally providing this vague reporting language to induce payment. This false language directly impacts whether and how much the consumer will pay to Defendant to resolve the debt.

15. Second, notwithstanding the above, the statement "Paid in Full for less than the full the balance" leaves the least sophisticated consumer confused as to what it means. How can a debt be paid for less than the full balance while at the same time be paid in full. The very language "Paid in Full for less than the full balance" is nonsensical, leaving the consumer confused as to how Defendant's credit reporting will affect his or her credit.

16. Third, Defendant's letter falsely implies that non-payment will result in the consumer being sued. Specifically, the letter states:

> "This letter is to remind you that we are considering forwarding this account to an attorney in your state for possible litigation…If we don't hear from you or receive payment by 08-20-2016, we may proceed with forwarding this account to an attorney."

17. The least sophisticated consumer is aware that accounts are only sent to attorney's to proceed with litigation.

18. Exhibit A specifically implies that Defendant will send the debt to an attorney within a short period of time to pursue litigation.

19. Approximately eleven (11) months have passed since Plaintiff received this letter but Defendant has not sent this account to an attorney. In fact, upon information and belief, Defendant never intended to send this account to an attorney.

20. Thus, Defendant's threat was false, deceptive, and misleading.

## CLASS ACTION ALLEGATIONS

### The Class

21. Plaintiff brings this as a class action pursuant to Fed. R. Civ. P. 23.

22. Plaintiff seeks certification of the following classes, initially defined as follows:

**FDCPA Class: All consumers with a New York address that have received collection letters from Defendant concerning debts for Barclays Bank used primarily for personal, household, or family purposes within one year prior to the filing of this complaint that provide deceptive a) reporting language or b) litigation threats.**

23. Excluded from the Class is Defendant herein, and any person, firm, trust, corporation, or other entity related to or affiliated with the defendant, including, without limitation, persons who are officers, directors, employees, associates or partners of Defendant.

### Numerosity

24. Upon information and belief, Defendant has sent collections letters in attempt to collect a debt to hundreds if not thousands of consumers throughout New York, each of which violates the FDCPA. The members of the Class, therefore, are believed to be so numerous that joinder of all members is impracticable.

25. The letters sent by Defendant, and received by the Class, are to be evaluated by the objective standard of the hypothetical "least sophisticated consumer."

26. The exact number and identities of the Class members are unknown at this time and can only be ascertained through discovery. Identification of the Class members is a matter capable of ministerial determination from Defendant's records.

### Common Questions of Law and Fact

27. There are questions of law and fact common to the class that predominates over any questions affecting only individual Class members. These common questions of law and fact include, without limitation: (i) whether Defendant violated various provisions of the FDCPA; (ii) whether the Plaintiff and the Class have been injured by the conduct of Defendant; (iii) whether the Plaintiff and the Class have sustained damages and are entitled to restitution as a result of Defendants wrongdoing and, if so, what is the proper measure and appropriate statutory formula to be applied in determining such damages and restitution; and (iv) whether the Plaintiff and the Class are entitled to declaratory and/or injunctive relief.

### Typicality

28. The Plaintiff's claims are typical of the claims of the class members. Plaintiff and all members of the Plaintiff's Class defined in this complaint have claims arising out of the Defendants common uniform course of conduct complained of herein. Plaintiff's claims are typical of the claims of the Class, and Plaintiff has no interests adverse or antagonistic to the interests of other members of the Class.

### Protecting the Interests of the Class Members

29. Plaintiff will fairly and adequately represent the Class members' interests, in that the Plaintiff's counsel is experienced and, further, anticipates no impediments in the pursuit and maintenance of the class action as sought herein.

30. Neither the Plaintiff nor his counsel have any interests, which might cause them not to vigorously pursue the instant class action lawsuit.

**Proceeding Via Class Action is Superior and Advisable**

31. A class action is superior to other methods for the fair and efficient adjudication of the claims herein asserted, this being specifically envisioned by Congress as a principal means of enforcing the FDCPA, as codified by 15 U.S.C.§ 1692(k).

32. The members of the Class are generally unsophisticated individuals, whose rights will not be vindicated in the absence of a class action.

33. Prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications resulting in the establishment of inconsistent or varying standards for the parties.

34. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff's Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

35. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify one or more classes only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

36. A class action will permit a large number of similarly situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the duplication of effort and expense that numerous individual actions would engender. Class treatment also will permit the adjudication of relatively small claims by many Class members who could not otherwise afford to seek legal redress for the wrongs complained of herein.

37. Absent a class action, the Class members will continue to suffer losses borne from Defendants breaches of Class members' statutorily protected rights as well as monetary damages,

thus allowing and enabling: (a) Defendants conduct to proceed and; (b) Defendants to further enjoy the benefit of its ill-gotten gains.

Defendants have acted, and will act, on grounds generally applicable to the entire Class, thereby making appropriate a final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
## 15 U.S.C. §1692 *et seq.*

38. Plaintiff repeats the allegations contained in the above paragraphs and incorporates them as if specifically set forth at length herein.

39. Defendant's false and deceptive representations to Plaintiff violate the below provisions of the FDCPA.

40. Section 1692e provides:

> **§ 1692e. False or misleading representations**
>
> **A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section: . . .**
>
> **(5)     The threat to take any action that is not intended to be taken;**
>
> **(10)  The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.**

7

41. Section 1692f provides:

   **§ 1692f. Unfair Practices**

   **A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt. . . .**

WHEREFORE, Plaintiff, Rebecca Levy Moskovitz, respectfully requests that this Court do the following for the benefit of Plaintiff:

   A. Certify the class described herein and appoint Plaintiff as Lead Plaintiff, and Plaintiff's Counsel as Lead Counsel;

   B. Enter judgment against Defendant for statutory damages pursuant to the FDCPA;

   C. Enter judgment for injunctive relief stopping Defendant from using letters similar to Exhibit A;

   D. Award costs and reasonable attorneys' fees;

   E. Grant such other and further relief as may be just and proper.

## JURY TRIAL DEMAND

42. Plaintiff demands a jury trial on all issues so triable.

Dated this 5th of July, 2017

                                      Respectfully Submitted,

                                      */s/ Daniel Zemel*
                                      Daniel Zemel  (DZ9899)
                                      Zemel Law
                                      78 John Miller Way Suite 430

                          Kearny, NJ 07032
                          dz@zemellawllc.com
                          (862) 227-3106